MetLife Investors USA Ins. Co. v. Pratt

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of September, two thousand eleven.

PRESENT: DENNIS JACOBS,
                          <u>Chief Judge</u>,
            ROBERT A. KATZMANN,
            SUSAN L. CARNEY,
                          <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

METLIFE INVESTORS USA INSURANCE COMPANY,

      *<u>Plaintiff-Counter-Defendant-Appellee</u>*,

DANIEL ZEIDMAN, as Trustee of the Esther Zeidman Trust,

      *<u>Defendant-Cross Claimant-Cross Defendant-Appellee</u>*,

      -v.-                 10-4093

**LAVELL S. PRATT, as Personal Representative of the Estate of Sherry Pratt,**

> *Defendant-Cross Defendant-Cross Claimant-Counter-Claimant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:** Peter Campbell King
Cline, King & King, P.C.
Columbus, IN

**FOR APPELLEE METLIFE INVESTORS USA INSURANCE COMPANY:**

Christopher Gilbert
The Unger Law Group, P.L.
Orlando, FL

**FOR APPELLEE DANIEL ZEIDMAN:**

Joseph P. LaSala
McElroy, Deutsch, Mulvaney & Carpenter, LLP
Morristown, NJ

Appeal from a judgment of the United States District Court for the Eastern District of New York (Spatt, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the district court's judgment is **AFFIRMED.**

Lavell S. Pratt, as Personal Representative of the Estate of Sherry Pratt, appeals the district court's judgment dismissing his cross claim and counter claim alleging that MetLife Investors USA Insurance Company and Daniel Zeidman, as Trustee of the Esther Zeidman Trust,

violated Illinois statutory and common law, including the Illinois Right of Publicity Act ("IRPA"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6), accepting all factual allegations as true and drawing all reasonable inferences in favor of the pleader. See ECA & Local 134 IBEW Joint Pension Trust of Chi. v. JP Morgan Chase Co., 553 F.3d 187, 196 (2d Cir. 2009). "To survive a motion to dismiss, a complaint must plead enough facts to state a claim to relief that is plausible on its face." Id. (internal quotation marks omitted). "[A]lthough 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (second alteration in original) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)).

[1] Appellant first argues that appellees' use of Sherry Pratt's identity as the measuring life under a since-rescinded annuity contract without her consent violated Ms. Pratt's right of publicity under the IRPA. The IRPA provides that "A person may not use an individual's identity for commercial purposes during the individual's lifetime without having obtained previous written consent . . . ." 765 Ill. Comp. Stat. 1075/30(a). The statute defines "commercial purpose" to mean "the public use or holding out of an individual's identity (i) on or in connection with the offering for sale or sale of a product, merchandise, goods, or services; (ii) for purposes of advertising or promoting products, merchandise, goods, or services; or (iii) for the purpose of fundraising." Id. 1075/5. The statute does not define "public use." The district court consulted Webster's Third New International Dictionary, which defines "public" to mean "accessible to or shared by all members of the community," or "exposed to general view." MetLife Investors USA Ins. Co. v. Zeidman, 734 F. Supp. 2d 304, 311 (E.D.N.Y. 2010). Under Illinois law, "[w]hen [a] statute contains undefined terms, it is entirely appropriate to employ a dictionary to ascertain the plain and ordinary meaning of

those terms." <u>People v. Davison</u>, 906 N.E.2d 545, 551 (Ill. 2009). Appellant has failed to allege that appellees' use of Ms. Pratt's identity in connection with a private annuity contract was "public" in the ordinary sense of the word, and therefore has not stated a plausible claim for relief under the IRPA.

**[2]** Appellant has also failed to state a claim for common law appropriation. The Appellate Court of Illinois has held that the IRPA superseded the common law tort of appropriation. <u>Blair v. Nev. Landing P'ship, RBG, LP</u>, 859 N.E.2d 1188, 1192 (Ill. App. Ct. 2006) ("After December 31, 1998, the common-law tort of appropriation of one's likeness ceased to exist. The Right of Publicity Act, effective January 1, 1999, completely replaced the common-law tort of appropriation of likeness . . . ."). "This Court is bound to apply the law as interpreted by a state's intermediate appellate courts unless there is persuasive evidence that the state's highest court would reach a different conclusion." <u>V.S. v. Muhammad</u>, 595 F.3d 426, 432 (2d Cir. 2010). Appellant has provided no such evidence, and cites no post-IRPA Illinois case recognizing the continuing vitality of a separate appropriation tort distinct from the right to publicity under the IRPA that would cover the conduct alleged in appellant's cross claim and counter claim. Appellant has therefore failed to state a claim for relief under Illinois common law.

    For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, CLERK